IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| LEE SMITH, #01725728 | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv171 |
| HOPKINS COUNTY COURTHOUSE, ET AL. | § | |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Lee Smith, an inmate confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

On April 27, 2012, the Court issued an Order directing Plaintiff to either pay the $350.00 filing fee or submit an application to proceed *in forma pauperis* along with a certified *in forma pauperis* data sheet as required under the Prison Litigation Reform Act of 1996 (PLRA). *See* docket entry #6. Plaintiff acknowledged receipt of the Order on May 4, 2012. *See* docket entry #7. To date, Plaintiff has done neither and the Court has received no other communication from him. Therefore, he appears to have abandoned the prosecution of his action.

The PLRA requires prisoners seeking to bring civil actions to pay either the full filing fee or an initial partial filing fee and subsequently pay the remainder of the full filing fee. Prisoners may proceed on claims without prepayment of the full filing fee, but they will be responsible for paying it in time. In this case, the Court has directed Plaintiff to comply with the process for making or initiating such payment and Plaintiff has failed to respond.

1

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); Fed. R. Civ. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Engineering Co.*, 589 F.2d 243, 248 (5th Cir. 1979); *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980).

Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction which should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures, prior to dismissing a case with prejudice. *Id.* at 793. The explanation for employing a dismissal with prejudice should be stated on the record. *Id.*

Here, Plaintiff has failed to comply with the Court's Order regarding payment of the filing fee or filing a motion to proceed *in forma pauperis* with a copy of his trust fund account data, and has not otherwise communicated with the Court. His intentions and actions do not threaten the judicial process and a dismissal with prejudice or a fine is inappropriate. A dismissal without prejudice is the best option.

Recommendation

It is therefore recommended that the complaint be dismissed without prejudice for failure to prosecute and failure to obey an order. Fed. R. Civ. P. 41(b); Rule 41, Local Rules for the Eastern District of Texas.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 5th day of June, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE